ESTATE OF GEORGE M. HENDERSON, DECEASED, GIRARD TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104952.   Promulgated December 23, 1941.

*Howard H. Yocum, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

OPINION.

VAN FOSSAN : The sole issue, one purely of law, is whether or not Mary D. Henderson, wife of petitioner's decedent, George M. Henderson, died intestate as to her residuary estate by reason of the violation of the rule against perpetuities or other infirmities inherent in the terms of her will. The parties are in apparent agreement that if so, under the law of Pennsylvania, the estate of George M. Henderson would be entitled to one-third thereof, since he and his two children were the only heirs at law of his wife. (Purdon's Pennsylvania Statutes Annotated, Title 20, ch. 1 § 2.)

Counsel for the respondent does not contend that the disposition by Mary D. Henderson of the income from the trust fund in the form of life estates therein was not valid. Hence it is unnecessary to discuss this point. However, he does argue that the entire principal, the income from which was bequeathed in the will, constituted her residuary estate and that she died intestate as to that estate.

Since the three subparagraphs (a), (b), and (c) of paragraph fifth of Mary D. Henderson's will were couched in varying language and made separate provisions as to three beneficiaries, it is necessary to consider the paragraphs separately.

The law of the Commonwealth of Pennsylvania governing the vesting of estates follows the general rule and limits the period for the commencement of executory devises to "a life or lives in being and twenty-one years, allowing for the period of gestation." *In re Warren's Estate*, 320 Pa. 112; 182 Atl. 396.

"The rule against perpetuities is not one of construction, but of positive law, to be rigorously applied to true construction of wills, regardless of testator's intention." Headnote, *In re Friday's Estate*, 313 Pa. 328; 170 Atl. 123. In that case the court stated:

The rule against perpetuities is a technical rule of law designed to measure the period during which the vesting of future interests may be postponed. It operates in frustration of the will or intent of the disposer of property. The rule should be applied boldly and without restraint in furthering the policy upon which it rests, but must be applied strictly according to its exact requirements. If the period testator has chosen may extend beyond the limits fixed by the rule, his provisions are void; but, if that period may not, under any circumstances, by the occurrence of events, extend beyond those limits, testator's bequests are valid.

Subparagraph (a) of paragraph fifth of the will reads as follows:

(a) My Trustees are to pay over one-third of the income received from the trust funds to my husband, George M. Henderson, for and during the term of his natural life, and at his death the income of this one-third share shall go to my children, or their issue, share and share alike, per stirpes and not per capita,—the principal becoming a part of my residuary estate.

It is clear that this paragraph violated the rule against perpetuities. Under the above provisions the one-third interest in the trust funds may not ultimately vest within the limited period because the grandchildren of Mary D. Henderson who would take under the will may not be born until long after the death of the grandmother. In this situation it must be held that as to this interest the testatrix died intestate and the residuary estate passed to the heirs at law.

Subparagraph (b) reads as follows:

(b) The income on a second one-third of my residuary estate shall go to my daughter, (Mrs.) Helen Sedgwick McHenry, during the term of her natural life, and at her death the income of this trust fund shall be paid to her surviving children share and share alike for and during the term of their natural lives, with power to each of my daughter's said children to will and bequeath

their share of the principal. In the event of any of them dying intestate, then their share shall go to their brothers or sisters them surviving share and share alike.

The provision of this paragraph likewise is violative of the rule against perpetuities since it is possible the "surviving children" of the daughter may be born long after the death of the testatrix. The same consequence follows.

Subparagraph (c) is as follows:

(c) The third one-third share of the income of this trust fund, I direct shall be paid to my son, Robert Randolph Henderson, for and during the term of his natural life. In case he dies unmarried or without issue, I direct that his share of the principal shall revert to my daughter, Helen Sedgwick McHenry.

This paragraph bequeaths a life estate to the son with no further provision as to the income. This bequest is valid and does not violate the rule against perpetuities.

The respondent contends, however, that while the will directs that in case the son dies unmarried or without issue his share of the principal shall pass to his sister, it makes no disposition in any other contingency and nowhere bequeaths to him any share. The respondent contends further that it would be impossible to determine what "his share of the principal" would be. We agree that the will is properly to be so criticized. The testatrix failed to dispose of any share that she might have thought or intended to give to her son or to his heirs or descendants. She made no clear devise of the corpus. Any attempted disposition failed for lack of definiteness. To read the paragraph as a devise of the corpus to the son would be to rewrite the will. Therefore, she died intestate as to that portion of the estate from which her son derived his income for life. *In re Thompson's Estate*, 229 Pa. 542; 79 Atl. 173.

Thus it is, consequent on the above, that petitioner's decedent takes not under the will, but by operation of law as provided in cases of intestacy.

The petitioner admits that the will was "inexpertly drawn" and as to paragraph (b), *supra*, violated the rule against perpetuities, but argues that the intention of the testatrix was apparent from the instrument itself and must control its construction, asserting that it was her dominant purpose to provide life interests for her husband and children. Had she been duly advised, it is claimed, she would have made disposition of the remainder with proper and legal limitations.

The simple fact is that with the exceptions above noted, testatrix' will was so ineptly drawn as to be of no effect in law in passing title. The above quoted observations of the court in *In re Friday's Estate*, *supra*, are pertinent. See also *In re Thompson's Estate, supra; In re Feeney's Estate*, 293 Pa. 273; 142 Atl. 284.

*Decision will be entered under Rule 50.*